**CHARLES WOODSON**, SBN 258791
Law Office of Charles Woodson
725 Washington Street
Oakland, California 94607
Telephone: (510) 302-8780
Facsimile: (510) 288-0444
Email: cwoodson@cjswlaw.com

Attorney for Defendant
**MARTIN HERNANDEZ-BANEGAS**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. CR 19-400-MMC-1 |
| Plaintiff, | **DEFENDANT MARTIN HERNANDEZ-BANEGAS' SENTENCING MEMORANDUM AND OBJECTIONS TO THE PRE-SENTENCE REPORT** |
| vs. | |
| **MARTIN HERNANDEZ-BANEGAS**, | Hearing Date: April 28, 2020<br>Time: 2:00 p.m.<br>Hon. Maxine M. Chesney, U.S. District Judge (Senior) |
| Defendant. | |

## INTRODUCTION

Defendant Martin Hernandez-Banegas, by and through his counsel respectfully submits the following Sentencing Memorandum in support of his request that he be sentenced to credit for time served.

Mr. Hernandez Banegas objects to the inclusion of the approximate weight of narcotics. PSR ¶ 9. Also, Mr. Hernandez Banegas objects to the criminal history calculation. PSR ¶ 31.

**STATEMENT OF FACTS**

**1.    Martin Hernandez-Banegas' History and Characteristics**

Mr. Hernandez-Banegas has been in custody at Santa Rita Jail since August 29, 2019. PSR ¶ 4. Between September 1, 2019 and February 1, 2020 Mr. Hernandez-Banegas has been quarantined multiple times for a bacterial infections. PSR ¶ 53. Mr. Hernandez-Banegas has also been quarantined at the end of March and early April for exposure to COVID-19.

Mr. Hernandez-Banegas grew up in Guapinol, Honduras and although his family did not have electricity, his parents were nurturing, loving, and always provided the essential needs to survive. PSR ¶¶ 39-42. Mr. Hernandez-Banegas remains close with his parents and siblings and looks forward to the day when they can all be together. PSR ¶¶ 49. Mr. Hernandez-Banegas also looks forward to caring for his two daughters, ages 4 years old and 10 months. PSR ¶ 48. Mr. Hernandez-Banegas knows he will almost certainly be deported to Honduras and he is deeply concerned about the violence and poverty in Honduras. PSR ¶ 50. However, Mr. Hernandez-Banegas is not afraid to return to Honduras because he will be reunited with his children, their mother, and his family. *Id*.

**2.    The Nature and Circumstances of the Offense**

On February 5, 2020 Mr. Hernandez-Banegas pled guilty to Count 1, a violation of title 18, United States Code ("U.S.C.") section 841(a)(1) and (b)(1)(c). PSR ¶¶ 1, 2. Although there is no plea agreement, the Government has represented to the court that the remaining counts will be dismissed at sentencing.

**ARGUMENT**

**1.    The Imposition of Credit for Time Served is a Sufficient Sentence to Satisfy 3553(a)(2)**

Criminal "punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1949). That requires "the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 552 U.S. 38, 52 (2007) (quotations omitted). The factors detailed in 18 U.S.C. § 3553(a) assist the Court in fulfilling this mandate to make "an individualized assessment of a particular defendant's

culpability rather than a mechanistic application of a given sentence to a given category of crime." *United States v. Barker*, 771 F.2d 1362, 1365 (9th Cir. 1985). The sentence recommended in the Sentencing Guidelines is only one factor for district courts to consider in making this judgment, and it may not be weighed more heavily than any other § 3553(a) factor. *Gall*, 552 U.S. at 50; *see also United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc).

The sentence recommended by the probation office takes into account Mr. Hernandez-Banegas' minimal criminal history, his immigration status, and his medical conditions. The consequences of Mr. Hernandez-Banegas' guilty plea will likely cause him to be deported from the United States of America when he completes his custodial sentence.

Sections 3553(a)(3) - (a)(7) requires the Court to consider the types of sentences available statutorily and pursuant to the United States Sentencing Guidelines, as well as the policy statements and amendments issued by the U.S. Sentencing Commission. "In sum, while the statute still requires a court to give respectful consideration to the Guidelines, [] *Booker* '"permits the court to tailor the sentence in light of other statutory concerns as well."' *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (citations omitted).

### 2. United States Sentencing Guidelines Offense Calculations

Mr. Hernandez-Banegas agrees with probation that the Sentencing Guidelines for 21 U.S.C. § 841(a)(1) is U.S.S.G. §2D1.1, and that the base offense level is 12, pursuant to U.S.S.G. § 2D1.1(a)(5), (c)(14). PSR ¶ 18. Mr. Hernandez-Banegas has clearly demonstrated acceptance of responsibility and his offense level is decreased by two levels, pursuant to U.S.S.G. § 3E1.1(a). PSR ¶ 25. Consequently, his total offense level is 10. PSR ¶ 26.

### 3. Mr. Hernandez-Banegas' Objection to the PSR's Calculation of his Criminal History

Mr. Hernandez-Banegas objects to the PSR's calculation of his criminal history score. PSR ¶¶ 29, 31, 32. Mr. Hernandez-Banegas does not dispute that he suffered a conviction in March of 2013 (*see* PSR ¶ 29) but he does object to probation's assertion that he committed the instant offense under a criminal justice sentence. PSR ¶¶ 29, 31; U.S.S.G. §4A1.1(d).

Mr. Hernandez Banegas objects to the addition of two criminal history points, pursuant to USSG § 4A1.1(d) because a criminal warrant is not a "violation warrant" for a prior sentence. USSG § 4A1.1, N. 4. Unlike a violation warrant, a criminal warrant does not extend to the computation of time for a criminal justice sentence. USSG § 4A1.2(m). The alleged warrant is for a failure to appear in court. Please keep in mind Mr. Hernandez-Banegas was deported immediately after the adjudication of the 2013 offense in Oregon. PSR ¶¶ 33, 34.

Mr. Hernandez Banegas was removed from the United States on January 9, 2014. *Id.* The criminal warrant was issued on January 28, 2016, after Mr. Hernandez-Banegas was deported from the United States. PSR ¶¶ 29, 34. Mr. Hernandez-Banegas could not appear in court in Oregon because the federal government excluded him from the United States. The federal government's prelusion of Mr. Hernandez-Banegas made his ability legally enter the United States and appear in court in Oregon improbable.

### 4. Mr. Hernandez-Banegas' Objection the inclusion of Approximate Weight Quantity

Mr. Hernandez Banegas objects to the weight calculation in paragraph 9. PSR ¶ 9. Mr. Hernandez Banegas did not admit a weight quantity at his change of plea. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Mr. Hernandez Banegas pled guilty to a violation of Title 21, United States Code section 841(a)(1(C), and not section 841(a)(1)(B).

Mr. Hernandez Banegas objects to the inclusion of 31.5 grams because the discovery does not support that amount. BATES US-EM-000048-49. The weight is approximate. *Id.* Moreover, the discovery provided by the Government indicates that the substances were weighted inside of packaging. Given the fact that the substances were weighed inside of packaging, there is insufficient evidence to find, by a preponderance of the evidence, that the substance weighs 31.5 grams. Consequently, Mr. Hernandez-Banegas requests the approximate weight be stricken from the presentence report.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**5.      BOP Designation**

If the court imposes a sentence that requires Mr. Hernandez-Banegas to serve a sentence in a BOP facility (i.e., not Santa Rita), Mr. Hernandez-Banegas requests the Court recommend to the Bureau of Prisons that his sentence be served at FCI Sheridan. *See* 18 U.S.C. § 3621(a)(4). Mr. Hernandez-Banegas' brother and sister-in-law live in Alberta, Canada and would enable them to visit.

## CONCLUSION

Mr. Hernandez Banegas requests that the court sentence him to credit for time served to be followed by one year of supervised release.

Respectfully submitted,

Date: April 20, 2020                              */s/ Charles J.S. Woodson*
                                                          CHARLES J.S. WOODSON
                                                          Counsel for Defendant
                                                          MARTIN HERNANDEZ-BANEGAS